# THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| LEROY WILLIAMS, Individually and on behalf of all other and present similarly situated employees,<br><br>Plaintiff,<br><br>v.<br><br>SKYLINE AUTOMOTIVE INC. d/b/a/ TOYOTA OF MANHATTAN,<br><br>Defendant. | Civil Action No. 11-CV-4123 (SAS)<br><br>*Document Filed Electronically* |

---

## MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS THE COMPLAINT PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 12(b)(6)

---

McELROY, DEUTSCH, MULVANEY & CARPENTER, LLP
88 Pine Street
New York, NY  10005
Attorneys for Defendant
Skyline Automobiles, Inc. d/b/a Toyota of Manhattan

On the Brief:
    Salvatore A. Giampiccolo
    Margaret L. Watson
    M. Grace Sacro

**TABLE OF CONTENTS**

TABLE OF AUTHORITIES............................................................................ iii

PRELIMINARY STATEMENT ...................................................................1

STATEMENT OF FACTS ........................................................................ 2

LEGAL ARGUMENT.............................................................................. 3

      I.     DISMISSAL IS APPROPRIATE PURSUANT TO FED.R.CIV.P.
           12(b)(6)................................................................................ 3

      II.    PLAINTIFF FAILS TO STATE A CLAIM FOR OVERTIME PAY
           UNDER FEDERAL LAW........................................................4

      III.   PLAINTIFF FAILS TO STATE A CLAIM FOR OVERTIME PAY
           OR "SPREAD OF HOURS PAY" UNDER NEW YORK STATE
           LAW.....................................................................................6

      IV.   THE COMPLAINT IS DEFECTIVE AND SHOULD BE
           DISMISSED.......................................................................10

      V.    PLAINTIFF'S CLAIMS ARE BARRED IN WHOLE OR IN PART BY
           THE APPLICABLE STATUTES OF LIMITATIONS............................11

      VI.   PLAINTIFF'S REQUEST TO PROCEED AS A COLLECTIVE
           ACTION MUST BE DISMISSED.............................................11

CONCLUSION ....................................................................................12

## TABLE OF AUTHORITIES

### Cases

Ashcroft v. Igbal,
_U.S.__, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009)...................................................... 3

Ballard v. Community Home Care Referral Serv., Inc.,
264 A.D.2d 747, 695 N.Y.S.2d 130 (2d Dep't 1999)......................................................7

Bell Atl. Corp. v. Twombly,
550 U.S. 544, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007)...................................................3

Chaltry v. Ollie's Idea, Inc.,
546 F. Supp. 44 (W.D. Mich. 1982)......................................................................4

Chan v. Triple 8 Palace, Inc.,
No. 03 Civ. 6048, 2006 WL 851749 (S.D.N.Y. March 30, 2006).........................................9

Dudley v. Thomas,
295 So.2d 646 (Fla. 3 DCA 1974)........................................................................6

Espinosa v. The Delgado Travel Agency, Inc.,
No.05 Civ. 6971, 2007 WL 656271 (S.D.N.Y. March 2, 2007) .........................................9

Franklin v. Breton International, Inc.,
No. 06 Civ. 4877, 2006 WL 3591949 (S.D.N.Y. Dec. 11,2006) .........................................9

Icicle Seafoods Inc. v. Worthington,
475 U.S. 709, 106 S. Ct. 1527, 89 L.Ed.2d 739 (1986)...................................................4

Nakahata v. New York Presbyterian Healthcare System, Inc.,
10 Civ. 2661, 10 Civ. 2662, 10 Civ. 2683, 10 Civ., 3247, 2011 WL 321186
(S.D.N.Y. Jan. 28, 2011)................................................................................10

Noble v. 92 University Place Corp.,
224 F.R.D. 330 (S.D.N.Y. 2004).........................................................................9

Paneto v. Motor Car Concepts II, Inc.,
2007 WL 328730 (M.D. Fla. 2007)..............................................................5, 6, 12

Robles v. Copstat Sec.. Inc. et al.,
No. 08 Civ. 9572, 2009 WL 1867948 (S.D.N.Y. June 29, 2009)....................................4, 11

Robles v. Copstat Sec., Inc. et al.,
No. 08 Civ. 9572, 2009 WL 4403188 (S.D.N.Y. Dec. 2, 2009) .........................................7

**Cases (Cont'd)**

Samirah v. Sabhnani,
No. 08-cv-2970, 2011 WL 1087758 (E.D.N.Y March 25, 2011) .........................................9

Viart v. Bull Motors, Inc.,
149 F.Supp. 2d 1346 (S.D. Florida 2001)........................................................................5

Zhong v. August August Corp.,
498 F. Supp.2d 625 (S.D.N.Y. 2007)......................................................................11, 12

**Federal Statutes and Regulations**

29 U.S.C. § 201 et seq., (Fair Labor Standards Act) .................................................1, 8

29 U.S.C. § 206.................................................................................................................3

29 U.S.C. § 207(a)(1).......................................................................................................4

29 U.S.C. § 213 ................................................................................................................5

29 U.S.C. § 213(b)(10)(A).............................................................................................5, 8

29 U.S.C. § 255...............................................................................................................11

29 C.F.R § 779.372(a).......................................................................................................5

29 C.F.R. § 779.372(c)(3).................................................................................................5

**Federal Rules**

Federal Rule of Civil Procedure 12(b)(6).............................................................1, 2, 3, 10

**State Statutes and Regulations**

New York State Labor Law § 190 et seq....................................................................1, 6, 7

New York State Labor Law § 652 et seq......................................................................6, 7

New York State Labor Law § 653 ....................................................................................7

New York State Labor Law § 655(5)(b)........................................................................7, 8

New York State Labor Law § 198(3)...............................................................................11

**<u>State Statutes and Regulation (Cont'd)</u>**

12 N.Y.C.R.R. § 137-1.7 .............................................................................1, 7

12 N.Y.C.R.R. § 142-2.2.........................................................................1, 6, 7, 8

12 N.Y.C.R.R. § 142-2.4...............................................................................9

12 N.Y.C.R.R. § 142-2.4(a)............................................................................9

12 N.Y.C.R.R. § 142-2.1 ...............................................................................3

## PRELIMINARY STATEMENT

By the Complaint, Plaintiff Leroy Williams (hereinafter "Plaintiff" or "Williams") alleges that his former employer, Skyline Automobiles, Inc. (incorrectly sued as Skyline Automotives Inc.) d/b/a Toyota of Manhattan (hereinafter "Defendant" or "Toyota of Manhattan"), failed to pay him overtime compensation at the rate of time-and-a-half in violation of the Fair Labor Standards Act, 29 U.S.C. § 201 et seq. (2006) ("FLSA") and N.Y. Lab. Law § 190 (McKinney 2009) et seq., § 652 and the Wage Orders of the Commissioner of Labor and N.Y. Comp. Codes R. & Regs. Tit.12, § 142-2.2. In addition, Plaintiff claims Defendant failed to properly pay Plaintiff "spread of hours" pay as required by 12 N.Y.C.R.R. § 137-1.7.[1] Plaintiff seeks to bring this action "on behalf of himself and all other similarly situated past and present employees," or as a collective action. Defendant moves to dismiss with prejudice these claims pursuant to Fed.R.Civ.P. 12(b)(6).

Accepting the allegations of the Complaint as true, Plaintiff fails to state a cognizable claim for relief. As a matter of law, Plaintiff was exempt from the overtime provisions of the FLSA. Moreover, as Plaintiff pleads, Defendant paid Plaintiff at an hourly rate in excess of the required time-and-a-half of *minimum* wage under New York law. Accordingly, as a matter of law, Plaintiff cannot state a claim for overtime wages or spread of hours pay under New York law. Similarly, Plaintiff fails to even plead the approximate number of unpaid overtime hours allegedly worked, as is required to state a cognizable claim under any of the laws Plaintiff seeks to invoke and accordingly the

1

Complaint could be dismissed on that ground alone. In addition, the applicable statutes

of limitations bar Plaintiff from proceeding with most of his claims.

## STATEMENT OF FACTS

For purposes of this motion, the Court must accept as true the facts alleged in the

Complaint. Defendant summarizes below the facts pleaded that are relevant to this

motion.[2]

Defendant Toyota of Manhattan is a car dealership in New York City.[3]

Complaint ¶4. Commencing in May 2002 and continuing until the termination of his

employment, Plaintiff worked for Defendant in the capacity of a "mechanic/technician." [4]

Compl. ¶¶6, 10, 14. At all relevant times, Plaintiff was a member of Local Union 259

Automobile Workers of America and pursuant to the terms of a Collective Bargaining

Agreement ("CBA"), Plaintiff was paid a minimum of a base rate of $18.50 per hour. [5]

Compl. ¶¶ 11, 14.

---

[1]     Plaintiff incorrectly cites to 12 N.Y.C.R.R. § 137-1.7. 12 N.Y.C.R.R. § 137-1.7 has been repealed. Respectfully, Plaintiff clearly intended to cite to 12 N.Y.C.R.R. § 142-2.4, the provision relating to spread of hours pay.

[2]     Defendant denies certain allegations in the Complaint, including the allegation that it violated any law, rule or regulation, federal or state. However, for purposes of this Rule 12(b)(6) motion, Defendant will accept as true the allegations of fact set forth herein.

[3]     Defendant does not dispute that it is an employer subject to the terms of the FLSA and New York State's Labor Law ("NYLL").

[4]     Although not pleaded in the Complaint and not relevant to this motion, Plaintiff's employment with Defendant terminated on October 26, 2010.

[5]     Indeed, as pleaded in the Complaint, due to factors including his obtaining certain vocational certifications, pursuant to the terms of the CBA, Plaintiff was paid an hourly rate in excess of $18.50. See Compl. ¶¶16-22, 24. Also, as pleaded, pursuant to the terms of the CBA, Plaintiff and all other similarly situated employees were paid an increase in the minimum base rate according to a schedule for hours worked in excess of 42.5. See Compl. ¶23 and Appendix A. These allegations relating to pay in addition to the minimum $18.50 are not relevant to the determination of the instant motion, but further support the policy justifications for why persons such as Plaintiff are exempt from

The Complaint alleges that Plaintiff "frequently worked more than forty (40) hours per week," and "frequently worked over ten (10) hours per day." Compl. ¶¶ 25, 27. The Complaint does not plead with any more specificity the alleged number of overtime hours per week Plaintiff contends he worked or identify the number of days he contends he worked over ten hours per day.

Under New York law, the minimum wage for hourly workers is set by the legislature. New York's highest minimum wage during the times pleaded in the Complaint, namely May 2002 to June 17, 2011, when Plaintiff filed this action, is its current $7.25 per hour. 12 N.Y.C.R.R .§ 142-2.1; 29 USC § 206 (West 2010).

## LEGAL ARGUMENT

### POINT I

### DISMISSAL WITH PREJUDICE IS APPROPRIATE PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 12(b)(6)

Rule 12(b)(6) of the Federal Rules of Civil Procedure permits the dismissal of an action where, as here, the Complaint fails to plead a cognizable claim. To survive a Rule 12(b)(6) motion, the Complaint must meet the standard of "plausibility." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 561, 127 S.Ct. 1955, 1968, 167 L.Ed.2d 929, 944 (2007), Ashcroft v. Iqbal, _U.S._, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868, 884 (2009) (explaining that "[a] claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged").

---

any legislative mandate (federal or state) of payment of overtime wages at a rate of time-and-a-half of *regular* rate.

"When deciding a motion to dismiss under Rule 12(b)(6), the court must 'accept as true all of the factual allegations contained in the complaint,' and 'draw all inferences in the light most favorable to the non-moving party [ ].' Nevertheless, the court need not accord '[l]egal conclusions, deductions or opinions couched as factual allegations…a presumption of truthfulness." Robles v. Copstat Sec., Inc. et al., No. 08 Civ. 9572, 2009 WL 1867948, *2 (S.D.N.Y. June 29, 2009) (internal citations omitted). Also, "[i]n deciding a motion to dismiss, the court is not limited to the face of the complaint. The court 'may [also] consider any written instrument attached to the complaint, statement or documents incorporated into the complaint by reference...'" Id. In addition, the court may take judicial notice of legislative enactments, such as the prevailing minimum wage. Chaltry v. Ollie's Idea, Inc., 546 F. Supp. 44, 48 (W.D. Mich. 1982).

With respect to the applicability of federal and state wage and hours law, it is well settled that the determination of whether an exemption applies is ultimately a question of law for the court to decide. Icicle Seafoods Inc. v. Worthington, 475 U.S. 709, 713-14, 106 S. Ct. 1527, 1529, 89 L.Ed.2d 739, 744 (1986).

Applying these standards, Defendant is entitled, as a matter of law, to dismissal with prejudice of all claims asserted in the instant Complaint.

## POINT II

### PLAINTIFF FAILS TO STATE A CLAIM FOR OVERTIME PAY UNDER FEDERAL LAW

Generally, the FLSA requires employers to pay employees overtime for hours worked in excess of forty hours per week. 29 U.S.C. § 207(a)(1). However, Congress, in enacting the FLSA, exempted many types of employers and employees from its overtime

provisions.  See 29 U.S.C. § 213.  One of these exemptions is for mechanics/technicians

who work on servicing cars in car dealerships, as is Plaintiff's situation.

Specifically, the FLSA does not require overtime pay for, or rather recognizes an

exemption for, a "mechanic primarily engaged in. . . servicing automobiles. . . if he is

employed by a nonmanufacturing establishment primarily engaged in the business of

selling such vehicles . . . to ultimate purchasers."  29 U.S.C. § 213(b)(10)(A); Paneto v.

Motor Car Concepts II, Inc., 2007 WL 328730 (M.D. Fla. 2007);  Viart v. Bull Motors,

Inc., 149 F.Supp. 2d 1346,  1348 (S.D. Florida 2001) (observing that this "mechanics'

exemption" applied to pre-delivery inspector who did not actually perform any

mechanical repairs, but inspected new cars and reported to the service center any cars he

deemed in need of repair).  The requirements of this exemption are further explained in

the FLSA regulations, which defined "mechanic" as "any employee primarily engaged in

doing mechanical work …in the servicing of an automobile…for its use and operation as

such."  29 C.F.R. § 779.372(c)(3) (2011).  The regulations also make clear that this

exemption applies "for certain employees of nonmanufacturing establishments engaged

in the business of selling automobiles," and that this exemption "will apply irrespective

of the annual dollar value of sales of the establishment or of the enterprise of which it is a

part."  29 C.F.R. §  779.372(a).

Interpreting this exception, on facts very similar to those present here, the federal

district court in Paneto dismissed the plaintiff's two claims against his former employer –

the first based on a violation of overtime requirements of the FLSA, and the second based

on a collective action on behalf of "similarly situated plaintiffs."  The Paneto court held

that the plaintiff's position was exempt from overtime pay requirements since he was a

mechanic who inspected, serviced and repaired trucks owned by the defendant or sold it
its customers, and since the defendant, an automobile service and repair business,
qualified as a "nonmanufacturing establishment engaged in the business of selling
automobiles." In so holding, the court observed that there are two requirements that need
to be met in order for the defendant to fall under this FLSA exemption: "1) Plaintiff must
be a 'mechanic'; and 2) the business run by [the Defendant] must be a 'non-
manufacturing establishment[] engaged in the business of selling automobiles.'" Paneto,
2007 WL 328730 at *3.

Here, Plaintiff admits these essential elements. Specifically, Plaintiff pleads that
at all relevant times he was employed as a technician/mechanic by Defendant, an
automobile dealership, which is a non-manufacturing establishment in the business of
selling and servicing automobiles. Complaint at ¶¶4, 6 and 14.[6] Accordingly, as a
matter of law, the exemption applies and Defendant is entitled to dismissal with prejudice
of Plaintiff's FLSA claim.[7]

## POINT III

### PLAINTIFF FAILS TO STATE A CLAIM FOR OVER TIME PAY OR "SPREAD OF HOURS PAY" UNDER NEW YORK STATE LAW

The Complaint purports to assert two claims under New York law. First, Plaintiff
contends he is entitled to time-and-a-half pay for any overtime worked in excess of 40
hours per week pursuant to New York Labor Law § 190 et seq., § 652 and the Wage
Orders of the Commissioner of Labor and 12 N.Y.C.R.R. § 142-2.2. Complaint ¶39.

---

[6]    There is no allegation (and indeed there could be none) that Defendant was
otherwise engaged in the manufacture of cars.

Second, Plaintiff claims, he is entitled to "spread of hours" pay for any day he worked more than ten hours pursuant to 12 NYCRR § 137-1.7. Complaint ¶40. Both of these claims fail as a matter of law.

There are no provisions governing overtime compensation in the New York State Labor Law. See N.Y. Lab. Law § 190 et seq.; Ballard v. Community Home Care Referral Serv., Inc., 264 A.D.2d 747, 695 N.Y.S.2d 130 (2d Dep't 1999). Instead, New York's Labor Law § 652 provides that the Commissioner of Labor has the power to investigate the sufficiency of the minimum wage, and, among other powers, the Commissioner may issue regulations that address minimum wage requirements. See also N.Y. Lab. Law § 655(5)(b) (authorizing the promulgation of regulations). One such regulation is the Minimum Wage Order (also referred to as the Minimum Wage Act) found at N.Y. Comp. Codes R. & Regs. Tit. 12, § 142-2.2 (12 N.Y.C.R.R. § 142-2.2) and relied upon by Plaintiff here. The Wage Order and its implementing regulations provide for a private cause of action for the recovery of unpaid overtime. See Robles v. Copstat Sec., Inc. et al., No. 08 Civ. 9572, 2009 WL 4403188, at *2 (S.D.N.Y. Dec. 2, 2009).

In relevant part, the Wage order provides that New York will exempt from any requirement to pay an employee overtime at a rate of one and one-half times the employee's regular rate where that employee is similarly exempt under the FLSA. However, New York will enforce a floor for overtime compensation for such employees, namely New York will require otherwise exempt employees to be paid an overtime rate of one and one-half times the State's basic minimum hourly rate for hours worked in

---

[7]    See also Dudley v. Thomas, 295 So.2d 646 (Fla. 3rd DCA 1974) (holding that service station mechanic who performed repairs to station's tow trucks as part of regular

excess of 40 hours per week.  Specifically, 12 N.Y.C.R.R. § 142-2.2 reads, in relevant

part:

> An employer shall pay an employee for overtime at a wage rate of
> one and one-half times the employee's regular rate in the manner
> and methods provided in and subject to the exemptions of sections
> 7 and 13 [including the mechanic's exemption] of 29 U.S.C. § 201
> et seq., the Fair Labor Standards Act of 1938, as amended;
> provided, however, that the exemptions set forth in section 13 (a)
> (2) and (4) [which have been repealed] shall not apply.    In
> addition, an employer shall pay employees subject to the
> exemptions of section 13 [relating to mechanics, etc.] of the Fair
> Labor Standards Act, as amended, except employees subject to
> section 13 (a) (2) and (4) of such act [now repealed], overtime at a
> wage rate of one and one-half times the ***basic minimum hourly
> rate***.

12 N.Y.C.R.R. § 142-2.2 (emphasis added).

Here, as explained above, Plaintiff is, as a matter of law, exempt from the FLSA's

overtime pay requirements pursuant to the mechanics exemption in Section 13, 29 U.S.C.

§ 213(b)(10)(A).  Accordingly, Plaintiff is also exempt, as a matter of law, from any

requirement pursuant to the Wage Order to pay overtime at a rate of one and one-half

times the employee's regular hourly rate, as the Complaint pleads. To the extent that the

minimum wage "floor" set forth in the Wage Order applies, accepting the allegations of

the Complaint as true, it is also beyond dispute that at all relevant times Plaintiff was paid

an hourly rate that was in excess of one and a half times New York's basic minimum

hourly rate.  Specifically, the Complaint pleads that Plaintiff was paid a minimum of

$18.50 for all hours worked.  New York's highest minimum hourly rate in the years 2002

to date has been the current $7.25.  The calculation of one and a-half times that basic

---

duties was exempt from overtime provisions of FLSA).

8

minimum hourly $7.25 rate is $10.875, an amount that Defendant paid. See also, Noble v. 92 University Place Corp., 224 F.R.D. 330, 340 (S.D.N.Y. 2004); Samirah v. Sabhnani, No. 08-cv-2970, 2011 WL 1087758, at *10 (E.D.N.Y. March 25, 2011). Accordingly, Plaintiff's claims for overtime pay on behalf of himself or anyone "similarly situated" must be dismissed as a matter of law.[8]

Plaintiff's claim that he is entitled to "spread of hours" pay also fails as a matter of law, as this Court, among others, has correctly ruled that the provision in the New York regulations relating to "spread of hours" applies only to workers earning the minimum wage. Espinosa v. The Delgado Travel Agency, Inc., No. 05 Civ. 6971, 2007 WL 656271, at *2 (S.D.N.Y. March 2, 2007) ("By its plain language, section 142-2.4(a) only provides supplemental wages to workers who are paid the minimum wage required under New York law. It does not ensure additional compensation to employees whose wages sufficiently exceed that floor"); see 12 N.Y.C.R.R. § 142-2.4(a); Chan v. Triple 8 Palace, Inc., No. 03 Civ. 6048, 2006 WL 851749, at *21 (S.D.N.Y. March 30, 2006); Franklin v. Breton International, Inc., No. 06 Civ. 4877, 2006 WL 3591949, at *4 (S.D.N.Y. Dec. 11, 2006).

Accordingly Plaintiff's claims under New York law must be dismissed.

---

[8]    Indeed, although Defendant submits that Plaintiff cannot represent the interest of mechanics/technicians other than those identified as "Technician A" in the CBA, it is equally clear that pursuant to the terms of the CBA relied upon by Claimant and attached to the Complaint, all technicians/mechanics were paid hourly rates well in access of the maximum calculation of a minimum overtime rate of $10.875 under 12 N.Y.C.R.R. § 142-2.4.

## POINT IV

## THE COMPLAINT IS DEFECTIVE AND SHOULD BE DISMISSED

"Both the FLSA and the NYLL require that a complaint state more than vague legal conclusions to survive a Fed.R.Civ.P. 12(b)(6) motion." <u>Nakahata v. New York Presbyterian Healthcare System, Inc.</u>, Nos. 10 Civ. 2661, et al., 2011 WL 321186, at *4 (S.D.N.Y. Jan. 28, 2011). Indeed, in wage law cases the courts have been clear that "[a]t a minimum, [a complaint] must set forth the approximate number of unpaid regular and overtime hours allegedly worked." <u>Id</u>. "Simply stating that Plaintiffs were not paid for overtime work does not sufficiently allege a violation." <u>Id</u>. (citations omitted). In *Nakahata*, the court dismissed the complaint since there were "no factual allegations about when the alleged unpaid wages were earned (<u>i.e.</u>, which lunches and breaks were worked through without compensation), or the number of hours allegedly worked without compensation – the heart of the claim." <u>Id.</u>

Here Plaintiff unequivocally fails to meet these pleading requirements. The Complaint contains only the vague allegations that the Plaintiff and others "similarly situated" "frequently" worked more than forty hours per week and "frequently" worked over ten (10) hours per day, without pleading when during the nearly 10 year period since 2002 this overtime occurred or the approximate number of hours involved. Therefore, the Complaint should be dismissed as deficient.

10

## POINT V

## PLAINTIFF'S CLAIMS ARE BARRED IN WHOLE OR IN PART BY THE APPLICABLE STATUTES OF LIMITATIONS

The FLSA generally provides for a two-year statute of limitations on actions to enforce its provisions, but allows a three-year statute of limitations period for a cause of action arising out of a willful violation.  29 U.S.C.A. § 255; see Robles, 2009 WL 1867948, at *2.  New York's Labor Law provides for a six-year statue of limitations.  New York Labor Law § 198 (3); see Robles, 2009 WL 1867948 at *2.

Plaintiff commenced this action on June 17, 2011.  Accordingly, under applicable federal law, all claims for unpaid wages that predate June 17, 2008 are time barred and should be dismissed.[9]  Similarly, under applicable New York State law, all claims for unpaid wages that predate June 17, 2005 must be dismissed.

## POINT VI

## PLAINTIFF'S REQUEST TO PROCEED AS A COLLECTIVE ACTION MUST BE DISMISSED

In order to survive a motion to dismiss on a collective action claim relating to violations of the FLSA's minimum and overtime wage provisions, a plaintiff must assert the following: (1) "there existed between the plaintiff and the defendant an employee-employer relationship"; (2) "employees ... work involved some kind of interstate activity"; (3) "the complaint should, at least approximately, allege the hours worked for which these wages were not received"; and (4) the complaint should indicate who those

---

[9]     The Complaint pleads a "willful" violation of federal law, accordingly, for purposes of this motion, Defendant must accept the longer three-year limitations period. See Compl. ¶34. If the court were to permit this action to proceed, Defendant reserves its

other employees are, and allege facts that would entitle them to relief." <u>Zhong v. August</u>

<u>August Corp.</u>, 498 F. Supp.2d 625, 628 (S.D.N.Y. 2007).

In this case, the Plaintiff has failed to allege the number of hours worked for

which wages were not received, and he has not indicated who the other "similarly

situated" employees are, including "facts that would entitle them to relief." Furthermore,

since the Plaintiff cannot state a cognizable claim for relief under the FLSA as to himself,

he cannot proceed with a collective action on behalf of others. <u>Paneto</u>, 2007 WL 328730

at *3.


## CONCLUSION

For the reasons stated above, Defendant is entitled to dismissal with prejudice of

all claims asserted in the Complaint. As the Complaint pleads that Plaintiff was a

mechanic employed by Defendant car dealership, he clearly was exempt as a matter of

law from the overtime pay provisions of applicable Federal and State law. Similarly, as

Plaintiff pleads that at all relevant times he was paid a minimum hourly rate of $18.50, an

amount that is more than one and a half times New York's highest applicable minimum

wage of $7.25, as a matter of law, Defendant has not violated any provision of New

York's Labor Law, and Plaintiff is not entitled to spread of hours pay. Further, the

Complaint is defective for failing to plead specificity with respect to the facts of

Plaintiff's overtime pay claim. Defendant also is entitled to a ruling that time-barred

claims are dismissed.

---

right to demonstrate that the applicable limitations period is two years or permits claims
on or after June 17, 2009.

Respectfully submitted,


McELROY, DEUTSCH, MULVANEY &
CARPENTER, LLP
Attorneys for Defendant

By: _____
Margaret L. Watson

Dated: July 27, 2011

13