THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| LEROY WILLIAMS, Individually and on behalf of all other and present similarly situated employees,<br><br>Plaintiff,<br><br>v.<br><br>SKYLINE AUTOMOTIVE INC. d/b/a/ TOYOTA OF MANHATTAN,<br><br>Defendant. | Civil Action No. 11-CV-4123 (SAS)<br><br>*Document Filed Electronically* |

**REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF DEFENDANT'S MOTION TO DISMISS THE COMPLAINT PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 12(b)(6)**

McELROY, DEUTSCH, MULVANEY &
CARPENTER, LLP
88 Pine Street
New York, NY  10005
Attorneys for Defendant
Skyline Automobiles, Inc. d/b/a Toyota of
Manhattan

On the Brief:
    Salvatore A. Giampiccolo
    Margaret L. Watson
    M. Grace Sacro

## TABLE OF CONTENTS

TABLE OF AUTHORITIES............……….....…………………………….......................iii

PRELIMINARY STATEMENT ................................................................................1

LEGAL ARGUMENT............................................................................................... 2

    I.     *MACBETH V. GABRIELLA TRUCK SALES, LTD.*
         DOES NOT CHANGE THE ANALYSIS AND
         THE MECHANICS EXEMPTION STILL APPLIES……………..……..2

    II.    PLAINTIFF'S PLEADING IS INADEQUATE………………………….5

CONCLUSION......................................................................................................6

# TABLE OF AUTHORITIES

**Cases**

Acosta v. Yale Club of New York City,
94 Civ. 0888, 1995 WL 600873 (S.D.N.Y. Oct. 12, 1995) .................................5

DeSilva v. North Shore-Long Island Jewish Health System, Inc.,
770 F. Supp.2d 497 (E.D.N.Y.2011)..............................................................5

McBeth v. Gabrielli Truck sales, Ltd.,
768 F. Supp.2d 383 (E.D.N.Y. 2010).................................................1, 2, 3, 4

Paneto v. Motor Car Concepts II, Inc.,
2007 WL 328730 (M.D. Fla. 2007)..................................................................2

U.S. v. Kozeny,
541 F.3d 166, 169 (2d Cir. 2008)......................................................................4

Viart v. Bull Moters, Inc.,
149 F.Supp.2d 1346 (S.D. Florida 2001).........................................................2

Zhong v. August August Corp.,
498 F. Supp.2d 625 (S.D.N.Y. 2007)................................................................5

**Federal Statutes and Regulations**

29 U.S.C. § 213(b)(10)(A)...................................................................1, 2, 3, 4

**Federal Rules**

Federal Rule of Civil Procedure 12(b)(6)....................................................2, 5

## PRELIMINARY STATEMENT

Defendant Skyline Automobiles, Inc. (incorrectly sued as Skyline Automotives, Inc.) d/b/a Toyota of Manhattan submits this reply in further support of its motion to dismiss with prejudice the claims brought by Plaintiff Leroy Williams pursuant to Fed. R. Civ. P. 12(b)(6).

In his opposition to Defendant's motion, Plaintiff raises two arguments. First, he contends that pursuant to Judge Wexler's decision in McBeth v. Gabrielli Truck Sales, Ltd., 768 F.Supp.2d 383 (E.D.N.Y. 2010), as a matter of law, the mechanics exemption does not apply to him, and accordingly that he can state claims for overtime pay under the Fair Labor Standards Act ("FLSA") and New York state law. Opposition at 2-4.[1] Second, Plaintiff contends that despite the fact that he did not plead a specific number of overtime hours worked during the relevant period, the fact that he "frequently" worked overtime over a "potential 3-year period must be sufficiently particular" to meet the pleading requirements of a wage law claim under the FLSA. Id. at 6. Plaintiff is wrong on both counts. Indeed, as set forth below, the decision in McBeth supports, rather than undermines, the conclusion that based on the facts pleaded, Plaintiff is subject to the mechanics exemption and his claims for over time pay must be dismissed with prejudice.

Further, in his Opposition Plaintiff admits that there is no question of fact in dispute, that the relevant exemption at issue is the "mechanic's exemption" set forth in 29 U.S.C. §213(b)(10)(A), and that the relevant statutes of limitations for the federal and state claims pleaded are three years and six years, respectively. Id. at 2, 6 and n.1. Plaintiff also offers no opposition to, and therefore admits, the fact that under New York

---

[1] Reference to the "Opposition" is to Plaintiff's Memorandum of law in Support of Plaintiff's Opposition to Defendant's Motion to Dismiss dated August 10, 2011.

1

law, overtime pay would be calculated as one and one-half times the basic minimum wage or $10.875 for someone in Plaintiff's position, and that Plaintiff was paid much more than that amount at all relevant times. See Defendant's Memorandum at 8-9.[2] Moreover, Plaintiff does not oppose Defendant's contention that, as a matter of law, he is not entitled to "spread of hours" pay because he is not a minimum wage worker and under New York Law only minimum wage workers are entitled to such pay. Id. at 9. Accordingly, Defendant's motion to dismiss with prejudice Plaintiff's overtime claims and "spread of hours" pay claims under New York law, as well as all claims outside of the relevant limitations period, should be granted.

## LEGAL ARGUMENT

### POINT I

### *MACBETH V. GABRIELLA TRUCK SALES, LTD.* DOES NOT CHANGE THE ANALYSIS AND THE MECHANICS EXEMPTION STILL APPLIES

Contrary to Plaintiff's contentions, the Eastern District's decision in McBeth is actually consistent with the federal district court opinions in Paneto v. Motor Car Concepts II, Inc., 2007 WL 328730 (M.D. Fla. 2007) and Viart v. Bull Moters, Inc., 149 F.Supp.2d 1346 (S.D. Florida 2001) and further supports the conclusion that Plaintiff's claims must be dismissed. In McBeth, the court was confronted with the narrow issue of whether two individuals whose jobs were in the parts department of an employer/dealership that sells and services trucks were subject to the mechanics exemption set forth in 29 U.S.C. §213(b)(10)(a). 149 F.Supp. at 385. Recognizing that

---

[2] Reference to Defendant's Memorandum is to the Memorandum of Law In Support of Defendant's Motion to Dismiss the Complaint Pursuant to Federal Rule of Civil Procedure 12(b)(6).

2

the Fair Labor Standards Act ("FLSA") mechanic's exemption applies to "any salesman, partsman, or mechanic primarily engaged in selling or servicing...trucks...if he is employed by a nonmanufacturing establishment primarily engaged in the business of selling such vehicles or implements to ultimate purchasers," the court concluded that for partsmen, there can be both those who are engaged in the servicing of trucks and those who are not. Specifically, the court ruled that a plain reading of the statute mandates the conclusion that there are 3 requirements that must be met before the exemption applies:

> [1] that the employee be either a salesman, partsman, or mechanic;
> [2] that such salesman, partsman, or mechanic be 'primarily engaged in selling or servicing' the vehicles set forth in the statute; and
> [3] that such salesman, partsman, or mechanic's employer be a 'nonmanufacturing establishment primarily engaged in the business of selling such vehicles or implements to ultimate purchasers.'

Id. at 387-88 (quoting 29 U.S.C. §213(b)(10)(A)). On the limited facts before it, and with the caution that the case was a close one to call, the court concluded that with respect to partsmen, there exist "partsmen" who are not "primarily engaged in servicing vehicles," and that these partsman, like the plaintiffs before the court, would not be subject to the FLSA exemption. Notably, the McBeth court separately observed that the partsman work was important to, but distinct from, "the mechanics' servicing duties," and concomitantly that mechanics actually serviced vehicles. Id. at 388.

Here, there is no factual dispute that Plaintiff as a mechanic was "primarily engaged in...servicing...the vehicles." There is also no dispute that Plaintiff was a mechanic and that Defendant, Plaintiff's employer, is a nonmanufacturing establishment primarily engaged in the business of selling such vehicles to ultimate purchasers. Accordingly, McBeth only further clarifies that for Plaintiff, the mechanic exemption applies.

Plaintiff's recitation of the legislative history of 29 USC §213(b)(10)(A), reviewed and relied upon by Judge Wexler, is of no avail to his argument against exemption. First, it is a well settled principle of statutory construction that where, as here, the plain meaning of the statute is clear, resort to the legislative history is inappropriate. U.S. v. Kozeny, 541 F.3d 166, 171 (2d Cir. 2008) (and cases cited therein). Judge Wexler resorted to the legislative history because in McBeth the plain language of the statute did not make clear whether the plaintiffs, who were partsmen not primarily engaged in the sale or servicing of a vehicle, should otherwise be covered by the exemption. His review of the legislative history led him to the "close" decision that the mechanic's exemption was originally intended to extend to those who worked "irregular and/or seasonal hours and/or were paid on a commission basis," 768 F.Supp. at 388, and accordingly that it would not make sense to extend the exemption to the partsmen in McBeth who worked regular hours and were not paid on a commission basis. Id. at 390. Here, Plaintiff's theory of liability is based on the very contention that he did not work regular hours, but indeed, "frequently" worked in excess of 42.5 hours per week and was "entitled to an incentivized rate pursuant to the collective bargaining agreement." Opposition at 6. Accordingly, even if resort to the legislative history of 29 U.S.C. §213 were appropriate, which it is not, that legislative history can be construed to support Defendant's argument that Plaintiff is exempt from the FLSA's overtime requirements.

## POINT II

## PLAINTIFF'S PLEADING IS INADEQUATE

Plaintiff argues that he has no obligation to plead the alleged number of overtime hours worked, that he can obtain such information through discovery, and that it is sufficient for Rule 12(b)(6) purposes for him to alleged that he "frequently" worked overtime "over a potential 3-year period." He is wrong. As a pleading requirement, the law is clear that "the complaint should at least approximately allege the hours worked for which these wages were not received." DeSilva v. North Shore-Long Island Jewish Health System, Inc., 770 F. Supp.2d 497, 509 (E.D.N.Y.2011) (citing Zhong v. August August Corp., 298 F. Supp.2d 625, 628 (S.D.N.Y. 2007)); Acosta v. The Yale Club, 1995 U.S. Dist LEXIS 14881 at 11 ("Simply stating that Plaintiffs were not paid for overtime work does not sufficiently allege a violation" of the FLSA). However, Plaintiff is correct that a dismissal on the grounds of failure to plead with the requisite specificity would likely not be a dismissal with prejudice. However, where as here, it is clear that Plaintiff is exempt from the overtime provisions of the FLSA and New York state law (and has been paid at an hourly rate in excess of any overtime calculation under New York state law), permitting Plaintiff to replead to specify his calculation of the amount of alleged overtime hours worked during the statutory three year period would not cure these fatal defects or result in his pleading a cognizable claim. Accordingly, Plaintiff's claims should be dismissed with prejudice.

## CONCLUSION

For the reasons stated above and in Defendant's original moving papers, Defendant respectfully submits it is entitled to dismissal with prejudice of all claims asserted in the Complaint.

Respectfully submitted,

McELROY, DEUTSCH, MULVANEY &
CARPENTER, LLP
Attorneys for Defendant

By: *Margaret L. Watson*
     Margaret L. Watson

Dated: August 17, 2011