UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------- X

LEROY WILLIAMS, Individually and
on behalf of all other past and present
similarly situated employees

                    Plaintiff,

                  - against -

SKYLINE AUTOMOTIVE INC. d/b/a/
TOYOTA OF MANHATTAN,

                  Defendant.
------------------------------------------------------- X



**OPINION AND ORDER**

11 Civ. 4123 (SAS)

**SHIRA A. SCHEINDLIN, U.S.D.J.:**

## I. INTRODUCTION

      Leroy Williams brings this collective action against his employer, Skyline Automotive, Inc., alleging that Skyline failed to pay him and others overtime compensation under the Fair Labor Standards Act ("FLSA"),[1] and requesting permission to provide notice of his collective action to other similarly situated employees. Williams also claims that Skyline failed to pay him overtime compensation under the New York Labor Law.[2]

---

[1]     29 U.S.C. § 201.

[2]     *See* N.Y. Labor Law § 652; Wage Orders of the Commissioner of Labor and N.Y. Comp. Codes R. & Regs. tit. 12 § 142-2.2.

Defendant now moves to dismiss Williams' Complaint for failure to state a claim upon which relief can be granted. For the following reasons, defendant's motion is denied. However, plaintiff's motion to provide preliminary notice of his collective action to potential plaintiffs is granted.

## II.     BACKGROUND[3]

In May of 2002, Williams was hired as a mechanic/technician for Skyline, a New York corporation operating approximately twenty automobile dealerships.[4] Williams alleges that the terms of his employment were set out in a collective bargaining agreement ("CBA").[5] According to the terms of the CBA, Skyline paid Williams and other similarly situated employees overtime pay according to an "incentivized hourly rate," not the FLSA overtime rate.[6] This contractual overtime system only increased employees' pay for weekly work done beyond 42.5 hours, and the increase resulted in substantially less pay than FLSA's time-and-a-half guarantee.[7]

---

[3]    The following facts are drawn from the Complaint ("Compl.") and are presumed to be true for the purposes of this motion.

[4]    *See* Compl. ¶¶ 4, 5, 10.

[5]    *See id.* ¶ 12; Wage Schedule, Appendix A to Compl., at 36.

[6]    Compl. ¶ 26.

[7]    *See id.* ¶ 23.

Williams alleges that he and others similarly situated "frequently worked more than forty (40) hours a week," and were paid for these hours according to this incentivized hourly rate.[8]  Because Williams alleges that neither he nor others similarly situated are exempt from the FLSA's overtime requirements, they were and are entitled to receive overtime payments at the rate of time-and-a-half.[9]  He claims this denial of overtime pay was willful,[10] and under the FLSA seeks "payment of time-and-a-half for each and every hour worked overtime during the three (3) years prior to the filing of the this Complaint," as well as an equal amount in liquidated damages for the same period.[11]  Under the New York Labor Law, he seeks "time-and-a-half for each and every hour worked overtime during the six (6) years prior to the filing of this action," as well as an award of liquidated damages equal to twenty-five percent of the total amount of overtime wages he is due.[12]

### III. APPLICABLE LAW

---

[8]   *Id.* ¶ 25.

[9]   *See id.* ¶¶ 30, 33.

[10]  *See id.* ¶ 41.

[11]  *Id.* at 7-8.

[12]  Since filing his Complaint, Williams has withdrawn a claim for "spread of hours" pay under 12 N.Y.C.R.R § 142-2.4.

A.  **Rule 12(b)(6)**

In deciding a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), the court evaluates the sufficiency of the complaint under the "two-pronged approach" suggested by the Supreme Court in *Ashcroft v. Iqbal*.[13] *First*, a court "'can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth.'"[14] "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice" to withstand a motion to dismiss.[15] *Second*, "[w]hen there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement for relief."[16] To survive a Rule 12(b)(6) motion to dismiss, the allegations in the complaint must meet a standard of "plausibility."[17] A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the

---

[13]   556 U.S. —, 129 S.Ct. 1937, 1950 (2009).

[14]   *Hayden v. Paterson*, 594 F.3d 150, 161 (2d Cir. 2010) (quoting *Iqbal*, 129 S.Ct. at 1950). *Accord Ruston v. Town Bd. for Town of Skaneateles*, 610 F.3d 55, 59 (2d Cir. 2010).

[15]   *Iqbal*, 129 S.Ct. at 1949 (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).

[16]   *Id.* at 1950. *Accord Kiobel v. Royal Dutch Petroleum Co.*, 621 F.3d 111, 124 (2d Cir. 2010).

[17]   *Twombly*, 550 U.S. at 564.

reasonable inference that the defendant is liable for the misconduct alleged."[18] Plausibility "is not akin to a probability requirement;" rather, plausibility requires "more than a sheer possibility that a defendant has acted unlawfully."[19]

"In considering a motion to dismiss for failure to state a claim pursuant to Rule 12(b)(6), a district court may consider the facts alleged in the complaint, documents attached to the complaint as exhibits, and documents incorporated by reference in the complaint."[20] However, the court may also consider a document that is not incorporated by reference, "where the complaint 'relies heavily upon its terms and effect,' thereby rendering the document 'integral' to the complaint."[21]

"A motion to dismiss is often not the appropriate stage to raise affirmative defenses."[22] However, "[a]n affirmative defense may be raised by a pre-answer motion to dismiss under Rule 12(b)(6), without resort to summary

---

[18] *Iqbal*, 129 S. Ct. at 1949.

[19] *Id.* (quotation marks omitted).

[20] *DiFolco v. MSNBC Cable L.L.C.*, 622 F.3d 104, 111 (2d Cir. 2010) (citing *Chambers v. Time Warner, Inc.*, 282 F.3d 147, 153 (2d Cir. 2002)).

[21] *Id.* (quoting *Mangiafico v. Blumenthal*, 471 F.3d 391, 398 (2d Cir. 2006)). *Accord Global Network Commc'ns, Inc. v. City of N.Y.*, 458 F.3d 150, 156 (2d Cir. 2006).

[22] *Ortiz v. City of New York*, 755 F. Supp. 2d 399, 401 (E.D.N.Y. 2010).

judgment procedure, if the defense appears on the face of the complaint."[23] A defendant presenting an affirmative defense "on a Rule 12(b)(6) motion instead of a motion for summary judgment must accept the more stringent standard applicable to this procedural route."[24]

### B. FLSA

#### 1. Overtime

The FLSA's overtime provision requires that employees receive compensation for hours worked in excess of forty hours per week "at a rate not less than one and one-half times the regular rate at which he is employed."[25] The statute provides a two-year statute of limitations for actions to enforce its provisions "except that a cause of action arising out of a willful violation may be commenced within three years after the cause of action accrued."[26]

Skyline argues that in order for an overtime claim to survive a motion to dismiss, the complaint must approximate the number of uncompensated

---

[23] *Pani v. Empire Blue Cross Blue Shield*, 152 F.3d 67, 74 (2d Cir. 1998).

[24] *McKenna v. Wright*, 386 F.3d 432, 436 (2d Cir. 2004).

[25] 29 U.S.C. § 207(a)(1).

[26] *Id.* § 255(a).

overtime hours worked.[27] It quotes seemingly unequivocal language from a number of district court opinions ostensibly describing such a requirement.[28]

On closer analysis, the majority of the cases cited by Skyline do not support its proposed rule. Despite the opinions' strong language, the complaints being addressed generally suffered from other defects making an approximation of overtime hours especially critical. For example, when addressing a complaint that is internally inconsistent[29] or fails to even allege that the plaintiff worked over forty hours a week,[30] the absence of an approximation of hours affects the plausibility of

---

[27] *See* Memorandum of Law in Support of Plaintiffs' Opposition to Defendant's Motion to Dismiss ("Opp. Mem.") at 10.

[28] *See id.* ("'[a]t a minimum, [a complaint] must set forth the approximate number of unpaid regular and overtime hours allegedly worked.'" (quoting *Nakahata v. New York Presbyterian Healthcare System, Inc.*, Nos. 10 Civ. 2661, et al., 2011 WL 321186, at *4 (S.D.N.Y. Jan. 28, 2011) (alterations in original))); Reply Memorandum of Law in Further Support of Defendant's Motion to Dismiss the Complaint Pursuant to Federal Rule of Civil Procedure 12(b)(6) ("Reply Mem.") at 5 ("'the complaint should at least approximately allege the hours worked for which these wages were not received.'"(quoting *Zhong v. August August Corp.*, 498 F. Supp. 2d 625, 630 (S.D.N.Y. 2007))).

[29] *See Zhong*, 498 F. Supp. 2d at 630 (plaintiff "repeatedly refers to having regularly worked overtime hours, but . . . [b]ecause these alleged working hours add up to only twenty, they fail to suggest that [plaintiff] is entitled to overtime compensation").

[30] *See Acosta v. Yale Club of New York City*, No. 94 Civ. 0888, 1995 WL 600873, at *4 (S.D.N.Y. Oct. 12, 1995) ("Plaintiff's allegations amount to nothing more than a hodgepodge of individual instances where waiters were not paid for extra hours worked on a given day.").

the complaint. Such an omission similarly undermines a complaint alleging that multiple defendants permitted a diverse group of plaintiffs to perform uncompensated work during breaks or after hours, but failing to identify "which entity, among the many named defendants, employed the respective plaintiffs," and failing to "allege any specific facts about the plaintiffs' employment, such as their dates of employment, pay, or positions."[31]

While often useful, such approximations are not absolutely necessary.[32] If a complaint "pleads factual content that allows the court to draw the reasonable inference"[33] that the defendant unlawfully denied the plaintiff overtime wages, and the allegations "give the defendant fair notice of [plaintiff's] claim and

---

[31] *Nakahata*, 2011 WL 321186, at *3-4.

[32] *See Hinterberger v. Catholic Health*, No. 08 Civ. 380, 2008 WL 5114258, at *3-4 (W.D.N.Y. Nov. 25, 2008) amended, 2009 WL 4042718 (W.D.N.Y. Nov. 19, 2009) (distinguishing *Zhong* and *Acosta* and finding that plaintiffs stated a valid claim when they alleged "that they worked more than 40 hours per week" and identified "three sustained policies . . . [that] denied them overtime compensation"); *but see DeSilva v. North Shore-Long Is. Jewish Health Sys., Inc.*, 770 F. Supp. 2d 497, 510 (E.D.N.Y. Mar. 16, 2011) (plaintiffs failed to state a valid FLSA claim when they alleged that they regularly worked in excess of forty hours per week and identified "three policies or practices of defendants that allegedly . . . resulted in plaintiffs not being compensated for all hours worked," but failed to provide "some approximation of the overtime hours that defendants required them to work and a time frame for when those hours were worked").

[33] *Iqbal*, 129 S. Ct. at 1949.

the grounds upon which it rests,"[34] the complaint is not subject to dismissal simply because it fails to approximate the number of overtime hours worked.

### 2. Mechanics' Exemption

The FLSA contains several express exemptions from its overtime requirements. "Because the FLSA is a remedial law, exemptions to the overtime pay requirement are narrowly construed against the employers seeking to assert them and their application limited to those establishments plainly and unmistakably within their terms and spirit."[35]  "[T]he application of an exemption under the Fair Labor Standards Act is a matter of affirmative defense on which the employer has the burden of proof."[36]

The FLSA exempts from its overtime requirements "any salesman, partsman, or mechanic primarily engaged in selling or servicing automobiles . . . if he is employed by a nonmanufacturing establishment primarily engaged in the business of selling such vehicles or implements to ultimate purchasers."[37]  The exemption's plain language includes three requirements: first, "that the employee

---

[34]   *Twombly*, 550 U.S. at 555.

[35]   *In re Novartis Wage and Hour Litig.*, 611 F.3d 141, 150 (2d Cir. 2010), *cert denied*, — U.S. —, 131 S. Ct. 1568 (2011) (quotations omitted).

[36]   *Corning Glass Works v. Brennan*, 417 U.S. 188, 196-97 (1974).

[37]   29 U.S.C. § 213(b)(10)(A).

be either a salesman, partsman, or mechanic;" second, "that such salesman, partsman, or mechanic be 'primarily engaged in selling or servicing' the vehicles set forth in the statute;" and third, "that such salesman, partsman, or mechanic's employer be a 'nonmanufacturing establishment primarily engaged in the business of selling such vehicles or implements to ultimate purchasers.'"[38]

### 3. Collective Action

Section 216(b) of the FLSA provides: "[a]n action may be maintained against any employer . . . by any one or more employees for and on behalf of himself or themselves and other employees similarly situated."[39]  While the statute does not define "similarly situated," courts in this Circuit require only that the named plaintiffs make a "modest factual showing sufficient to demonstrate that they and potential plaintiffs together were victims of a common policy or plan that violated the law."[40]  "[T]he Court need not evaluate the merits of plaintiffs' claims

---

[38] *McBeth v. Gabrielli Truck Sales, Ltd.*, 768 F. Supp. 2d 383, 387 (E.D.N.Y. 2010) (quoting 29 U.S.C. § 213(b)(10)(A)); *but see Paneto v. Motor Car Concepts II, Inc.*, No. 06 Civ. 828, 2007 WL 328730 (M.D. Fla., Jan. 31, 2007) (reading the mechanics' exemption as having "two requirements . . . 1) Plaintiff must be a mechanic; and 2) the business run by . . . Defendants must be a nonmanufacturing establishment engaged in the business of selling automobiles" (alterations and quotations omitted)).

[39] 29 U.S.C. § 216(b).

[40] *Hoffmann v. Sbarro, Inc.*, 982 F. Supp. 249, 261 (S.D.N.Y. 1997). *Accord Garcia v. Pancho Villa's of Huntington Village, Inc.*, 678 F. Supp. 2d 89,

in order to determine whether a 'similarly situated' group exists."[41]  "Whether opt-in notice is to be sent to potential plaintiffs under the FLSA is an issue within the discretion of the district court."[42]

### C. New York Labor Law

The New York Labor Law generally mirrors the guarantees and exemptions of the FLSA with regards to overtime pay.  However, some employees exempt from the FLSA's overtime provisions are entitled to an overtime wage of at least "one and one-half times the basic minimum hourly rate."[43]   Claims under the New York Labor Law are subject to a six-year statute of limitations.[44]

## IV. DISCUSSION

### A. Sufficiency of Overtime Allegations

Williams alleges that Skyline's "practice of paying Plaintiff and

---

92 (E.D.N.Y. 2010); *Morales v. Plantworks, Inc.*, No. 05 Civ. 2349, 2006 WL 278154, at *1 (S.D.N.Y. Feb. 2, 2006).

[41]   *Krueger v. N.Y. Tel. Co.*, No. 04 Civ. 5968, 1993 WL 276058, at *2 (S.D.N.Y. July 21, 1993).

[42]   *Harrington v. Education Mgt. Corp.*, No. 02 Civ. 0787, 2002 WL 1009463, at *1 (S.D.N.Y. May 17, 2002) (citing *Braunstein v. Eastern Photographic Labs, Inc.*, 600 F.2d 335 (2d Cir. 1978)); *Hoffmann*, 982 F. Supp. at 261.

[43]   12 N.Y.C.R.R. § 142-2.2.

[44]   *See* N.Y. Labor Law § 663(3).

others similarly situated an incentivized hourly rate in place of the required overtime rate of time-and-a-half constitutes a violation" of the FLSA.[45] He includes this pay scale in his Complaint,[46] alleges he was paid at the rate for "A" technicians,[47] and describes base pay increases dependent on attainment of professional certifications.[48] He further attaches a portion of the CBA, which includes Skyline's alternative "hourly bonus plan" for overtime.[49] Under this plan, hourly pay is only increased after an employee has worked more than 42.4 hours in a week. Pay for these overtime hours is significantly less than one-and-one-half times the employees' base pay.[50] The CBA also contains more comprehensive information regarding Skyline's payment practices with regards to other categories of employees.[51] While Williams alleges that he "frequently worked more that forty (40) hours per week,"[52] he does not approximate the number of overtime hours he

---

[45] Compl. ¶ 26.

[46] *See id.* ¶ 23.

[47] *See id.* ¶ 14.

[48] *See id.* ¶¶ 15-21.

[49] Wage Schedule at 36.

[50] *See* Compl. ¶ 23; Wage Schedule at 36.

[51] *See* Compl. ¶¶ 27-36.

[52] *Id.* ¶ 25.

worked.

Skyline argues that because the Complaint "contains only the vague allegations that the Plaintiff and others similarly situated frequently worked more than forty hours per week and frequently worked over ten (10) hours per day," without specifying the relevant period of time or approximating the number of hours involved, his "Complaint should be dismissed as deficient."[53]

I disagree. Williams' allegations regarding his position with Skyline and Skyline's official payment policy are sufficient to allow the court to "draw the reasonable inference" that the defendant unlawfully denied the plaintiff overtime wages.[54] Further, the allegation that overtime was denied through the application of an explicit contractual overtime scale, which was set out in the Complaint, is more than sufficient to "give the defendant fair notice of [plaintiff's] claim and the grounds upon which it rests."[55] Assuming at this early stage of the litigation that Skyline kept track how many hours Williams and others were working, it should be easy to determine the number of overtime hours at issue. The Complaint is not deficient simply because Williams failed to provide a rough approximation of the

---

[53] Opp. Mem. at 10.

[54] *Iqbal*, 129 S. Ct. at 1949.

[55] *Twombly*, 550 U.S. at 555.

number of overtime hours he and others have worked.

### B.   Mechanics' Exemption

Williams alleges that he worked as a "mechanic/technician" and was classified as a "Technician A" by Skyline.[56] He characterizes Skyline as a corporation with "approximately twenty (20) dealerships."[57] Skyline argues that because it is "a non-manufacturing establishment in the business of selling and servicing automobiles," and because Williams pleads that "he was employed as a technician/mechanic," Williams has admitted the essential elements of the mechanics' exemption.[58]

I again disagree. While Williams' title of "mechanic/technician" may suggest that he falls within the mechanics' exemption, "[a]n employee['s] exempt status depends less on his title, and more on the actual duties performed."[59] The Complaint is silent as to the actual duties performed by Williams. It is therefore impossible for me to determine at this stage whether he is a mechanic within the

---

[56]   Compl. ¶¶ 10, 14.

[57]   *Id.* ¶ 4.

[58]   Memorandum of Law in Support of Defendant's Motion to Dismiss the Complaint Pursuant to Federal Rule of Civil Procedure 12(b)(6) ("Pl. Mem.") at 6.

[59]   *McBeth*, 768 F. Supp. 2d at 387.

terms of the exemption; it is similarly impossible to determine if he is "primarily engaged in selling or servicing the vehicles set forth" in the exemption.[60] "[T]he application of an exemption under the Fair Labor Standards Act is a matter of affirmative defense on which the employer has the burden of proof.,"[61] and a party choosing to raise such a defense "on a Rule 12(b)(6) motion instead of a motion for summary judgment must accept the more stringent standard applicable to this procedural route."[62] While Skyline's argument may ultimately have merit, further factual inquiry is needed before a determination can be made as to whether Williams and other similarly situated employees are covered by the mechanics' exemption.

Williams argues that the legislative history of the mechanics' exemption indicates that it should only apply to employees working irregular hours and paid by commission.[63] While the disposition of this motion does not turn on

---

[60] *Id.* (quotations omitted).

[61] *Corning*, 417 U.S. at 196-97.

[62] *McKenna*, 386 F.3d at 436.

[63] *See* Opp. Mem. at 2-4; *see also Brennan v. Deel Motors, Inc.*, 475 F.2d 1095, 1097 (5th Cir. 1973) (describing the legislative history of the mechanics' exemption and finding that "[t]he enactment of § 13(b)(10) was an implicit recognition by Congress of the incentive method of remuneration for salesmen, partsmen, and mechanics employed by an automobile dealership"); *McBeth*, 768 F. Supp. 2d at 388 ("It was the intent of Congress to exempt from

the question, this argument overstates the role of legislative history in statutory interpretation. Legislative history plays a role in statutory interpretation "if the text of the statute itself is not clear."[64] Otherwise, "the sole function of the courts is to enforce [the statute] according to its terms."[65] While Congress made at least one overtime exemption explicitly dependent on a commission-based pay system, it did not include a similar requirement in the mechanics' exemption.[66] Courts referencing the legislative history of the mechanics' exemption and considering the role played by commission-based payment systems did so only when it was useful in determining whether certain plaintiffs were covered by the exemption.[67] More often, however, the plain language of the exemption will cover many mechanics,

---

overtime compensation those dealership employees who worked irregular and/or seasonal hours and/or were paid on a commission basis.").

[64] *United States v. Kozeny*, 541 F.3d 166, 171 (2d Cir. 2008) (internal quotations omitted) (interpreting 18 U.S.C. § 3292).

[65] *Id*.

[66] *See* 29 U.S.C. § 207(i) (exempting certain retail employees if, inter alia, "more than half his compensation for a representative period . . . represents commissions on goods or services").

[67] *See McBeth*, 768 F. Supp. 2d at 388 (while "the case [was] close" as to whether partsmen plaintiffs were "primarily engaged in selling or servicing" trucks, "the court [was] swayed by the fact that Plaintiffs worked regular hours, and were not paid on a commission basis," and found that the plaintiffs were not exempt); *Brennan*, 475 F.2d at 1097 (in dealing with the "close" issue of whether "service salesmen" plaintiffs fell within the exemption, the defendant's commission-based payment system supported a finding that they were exempt).

partsmen, and salesmen. When that is the case, there is no need to reference legislative history. The fact that Williams did not receive commissions will only become relevant if his job duties leave doubt as to whether he is covered by the exemption. At this time, I cannot evaluate whether the question of commissions will be relevant.

### C. Collective Action

Williams requests that he "be allowed to give notice of this collective action, or that the court issue such notice, to all persons who are presently, or have been at any time during the three years immediately preceding the filing of this suit . . . been employed by the Defendant as mechanics/technicians."[68] By identifying the CBA as the common source of the alleged violation, Williams has established the necessary "'factual nexus' between his . . . situation and the situation of other current and former employees."[69] As such, the Court grants Williams' request to provide preliminary notice to potential plaintiffs.

### D. New York Labor Law

Most workers are entitled to an overtime wage of one and one-half times their regular rate of pay under both the FLSA and the New York Labor Law.

---

[68] Compl. at 7.

[69] *Young v. Cooper Cameron Corp.*, 229 F.R.D. 50, 54 (S.D.N.Y. 2005).

Workers covered by the FLSA's mechanics' exemption are not entitled to that overtime wage premium under either the federal or the state law.  However, under the New York Labor Law they *are* entitled to an overtime wage of at least one and one-half times the statutory minimum wage.  According to his complaint, both Williams' regular rate of pay and his "incentivized" overtime rate were higher than one and one-half times the statutory minimum wage.  Thus, although he alleges that he did not receive an overtime wage of one and one-half times his regular rate of pay, he acknowledges that he did receive an overtime wage of at least one and one-half times the minimum statutory rate.  Therefore, Williams' overtime claim under the New York Labor Law turns on whether or not he is covered by the mechanics' exemption.  For the reasons stated above, the applicability of the exemption cannot be decided on a motion to dismiss.  Accordingly, Skyline's motion to dismiss Williams' New York Labor Law claim is likewise denied.

V.      **CONCLUSION**

For the reasons stated above, the defendant's motion to dismiss Williams' claims is denied.   Williams' request to provide notice of a collective action is granted.  The Clerk of the Court is directed to close this motion [Docket #3].  The parties shall adhere to the scheduling order set by the Court on October 18, 2011.  A final pre-trial conference has been scheduled for May 9, 2012 at 4:30

pm. If the parties wish to confer with the Court before that time, they may request a conference by contacting chambers.

SO ORDERED:

Shira A. Scheindlin
U.S.D.J.

Dated: New York, New York
November 14, 2011

## -Appearances-

**For Plaintiff:**
Robert David Goodstein, Esq.
Goodstein & Associates
270 North Avenue, Suite 410
New Rochelle, NY 10801
(914) 632 8382


**For Defendant:**
Margaret L. Watson, Esq.
McElroy, Deutsch, Mulvaney, & Carpenter, LLP
88 Pine Street
New York, NY 10005
(212) 483 9129