**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
------------------------------------------------- X

**LEROY WILLIAMS, Individually and**
**on behalf of all other past and present**
**similarly situated employees**

           **Plaintiff,**

          **- against -**

**SKYLINE AUTOMOTIVE INC. d/b/a/**
**TOYOTA OF MANHATTAN,**

          **Defendant.**

------------------------------------------------- X

**MEMORANDUM**
**OPINION AND ORDER**

**11 Civ. 4123 (SAS)**

> USDNY
> DOCUMENT
> ELECTRONICALLY FILED
> DOC #:
> DATE FILED: 5/30/11

**SHIRA A. SCHEINDLIN, U.S.D.J.:**

## I.   INTRODUCTION

      Leroy Williams brings this collective action against his employer,

Skyline Automotive, Inc., alleging that Skyline failed to pay him and others

overtime compensation under the Fair Labor Standards Act ("FLSA")[1] and the

New York Labor Law.[2]  Skyline moves for summary judgment, arguing that

Williams is not entitled to overtime pay because he falls into the FLSA's

"mechanics' exemption."  Because the undisputed facts show that Skyline is

---

[1]     29 U.S.C. § 201.

[2]     *See* N.Y. Labor Law § 652; Wage Orders of the Commissioner of
Labor and N.Y. Comp. Codes R. & Regs. tit. 12 § 142-2.2.

correct, its motion is granted.

## II.   BACKGROUND

The details of this dispute were laid out in this Court's prior Opinion and Order denying Skyline's motion to dismiss[3] and familiarity with them is assumed. The undisputed facts, stated summarily, are these: throughout the relevant time period, Williams worked as a mechanic at Skyline – inspecting cars; conducting suspension, electrical, and engine work; and making exhaust system repairs.[4] He spent at least eighty percent of his time doing the work of a mechanic and no more than twenty percent of his time performing other duties, such as cleaning.[5] When he worked more than forty hours per week, he did not receive an overtime premium of at least fifty percent of his regular hourly pay as mandated for many employees under the FLSA; instead, when he worked more than 42.5 hours in a week, he received a much lower overtime premium, as set by his

---

[3]      *See Williams v. Skyline Auto. Inc.*, No. 11 Civ. 4123, 2011 WL 5529820 (S.D.N.Y. Nov. 14, 2011) (*"Williams I"*).

[4]      *See* Defendant's Statement of Uncontested Material Facts Pursuant to Fed. R. Civ. P. 56 and Local Rule 56.1 ("Def. 56.1") ¶¶ 8-15; Plaintiff's Response to Defendant's Statement of Uncontested Material Facts Pursuant to Local Rule 56.1(a) ("Pl. 56.1") ¶ 2.

[5]      *See* Def. 56.1 ¶ 12.

collective bargaining agreement.[6]

The dispute of fact is this: According to Skyline, the establishment "is a car dealership . . . that is primarily engaged in the business of selling cars or automobiles to ultimate purchasers."[7]  According to Williams' sworn declaration recounting conversations with sales staff, however, Skyline earns less than fifty percent of its revenue from sales: "[b]ased on conversations with sales staff, over 50% of Defendant's revenue is derived from automobile leasing, part sales and/or service/mechanical work, both warranty and non-warranty."[8]

## III.   LEGAL STANDARD

Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."[9]  "For summary judgment  purposes, a 'genuine issue' exists where the evidence is such that a reasonable jury could decide in the non-moving

---

[6]      *See id.* ¶ 5.  Williams' regular hourly rate was $18.50.  After working more than 42.5 hours in a week, he was paid between $19.00 and $20.00 per hour. *See* Complaint ¶¶ 10-23.

[7]      Def. 56.1 ¶ 1.

[8]      Affidavit of Leroy Williams ("Williams Aff.") ¶ 4; *see* Pl. 56.1 ¶¶ 1, 3 ("Defendant is not primarily engaged in the business of selling cars or automobiles to ultimate purchasers.").

[9]      Fed. R. Civ. P. 56(a).

party's favor."[10]  "'A fact is material when it might affect the outcome of the suit under governing law.'"[11]  To defeat a motion for summary judgment, the non-moving party must raise a genuine issue of material fact.  The non-moving party "'must do more than simply show that there is some metaphysical doubt as to the material facts,'"[12] and cannot "'rely on conclusory allegations or unsubstantiated speculation.'"[13]

## IV.   APPLICABLE LAW

### A.   FLSA

The FLSA's overtime provision requires that an employee receive compensation for hours worked in excess of forty hours per week "at a rate not less than one and one-half times the regular rate at which he is employed."[14]  The FLSA contains several express exemptions from its overtime requirements.  "Because the

---

[10]      *Sanchez v. Connecticut Natural Gas Co.*, 421 Fed. App'x 33, 34 (2d Cir. 2011) (quoting *Nabisco, Inc. v. Warner–Lambert Co.*, 220 F.3d 43, 45 (2d Cir. 2000)).

[11]      *Carter v. Incorporated Village of Ocean Beach*, 415 Fed. App'x 290, 292 (2d Cir. 2011) (quoting *McCarthy v. Dun & Bradstreet Corp.*, 482 F.3d 184, 202 (2d Cir. 2007)).

[12]      *Brown v. Eli Lilly & Co.*, 654 F.3d 347, 358 (2d Cir. 2011) (quoting *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986)).

[13]      *Id.* (quoting *Federal Deposit Ins. Corp. v. Great Am. Ins. Co.*, 607 F.3d 288, 292 (2d Cir. 2010)).

[14]      29 U.S.C. § 207(a)(1).

-4-

FLSA is a remedial law, exemptions to the overtime pay requirement are narrowly construed against the employers seeking to assert them and their application limited to those establishments plainly and unmistakably within their terms and spirit."[15] "[T]he application of an exemption under the Fair Labor Standards Act is a matter of affirmative defense on which the employer has the burden of proof."[16]

The FLSA exempts from its overtime requirements "any salesman, partsman, or mechanic primarily engaged in selling or servicing automobiles . . . if he is employed by a nonmanufacturing establishment primarily engaged in the business of selling such vehicles or implements to ultimate purchasers."[17] The exemption's plain language includes three requirements: first, "that the employee be either a salesman, partsman, or mechanic;" second, "that such salesman, partsman, or mechanic be 'primarily engaged in selling or servicing' the vehicles set forth in the statute;" and third, "that such salesman, partsman, or mechanic's employer be a 'nonmanufacturing establishment primarily engaged in the business

---

[15]    *In re Novartis Wage and Hour Litig.*, 611 F.3d 141, 150 (2d Cir. 2010), *cert denied*, — U.S. —, 131 S. Ct. 1568 (2011) (quotations omitted).

[16]    *Corning Glass Works v. Brennan*, 417 U.S. 188, 196-97 (1974).

[17]    29 U.S.C. § 213(b)(10)(A).

-5-

of selling such vehicles or implements to ultimate purchasers.'"[18]

### C.   New York Labor Law

The New York Labor Law generally mirrors the guarantees of the
FLSA with regards to overtime pay, subject to the same general exemptions,
including the mechanic's exemption.[19]

## IV.   DISCUSSION

Williams' claim fails because he is subject to FLSA's mechanic's
exemption and thus unprotected by its overtime provision.  It is undisputed that he
satisfies the first two prongs of the exemption: he is a mechanic and he is primarily
engaged in servicing automobiles.[20]  Williams argues that the third prong is not
met, however, because Skyline is not primarily engaged in the business of selling
cars to ultimate purchasers.

Williams' effort to create a dispute regarding this material fact is
unavailing.  In response to the sworn testimony of Skyline's managers that the
company derives more than fifty percent of its revenue from sales, he provides

---

[18]    *McBeth v. Gabrielli Truck Sales, Ltd.*, 768 F. Supp. 2d 383, 387
(E.D.N.Y. 2010) (quoting 29 U.S.C. § 213(b)(10)(A)).

[19]    *See* 12 N.Y.C.R.R. § 142-2.2.

[20]    *See* Pl. 56.1 ¶ 2.

only inadmissible hearsay.[21] His claim, unattributed to any individual and

unsupported by sworn firsthand knowledge or documentary evidence, is not

competent evidence and cannot create a material issue of fact.[22]

       The only admissible evidence shows that Skyline generates more than

fifty percent of its revenue from the sales of automobiles to ultimate purchasers.[23]

According to the plain meaning of the statute and the regulations promulgated

---

[21]    *See* Williams Aff. ¶ 4 ("[b]ased on conversations with sales staff, over 50% of Defendant's revenue is derived from automobile leasing, part sales and/or service/mechanical work . . . "). *See also* Def. 56.1 ¶¶ 16-21.

[22]    "The principles governing admissibility of evidence do not change on a motion for summary judgment . . . only admissible evidence need be considered by the trial court in ruling on a motion for summary judgment." *Raskin v. Wyatt Co.*, 125 F.3d 55, 66 (2d Cir. 1997).

[23]    Skyline's General Manager submitted a sworn affidavit that "over half" of Skyline's "annual dollar value of business done comes from the sales of automobiles." Declaration of Stylianos Kritikos ¶ 4. In response to Williams' counsel's argument that some of these "sales" volume were actually "leases" and do not qualify as "sales to ultimate purchasers," Kritikos clarified that Skyline does not engage in what is traditionally known as leasing – although it sometimes sells cars to banks with the knowledge that the banks will lease the cars to consumers, it does not itself act as lessor. Nevertheless, according to Kritikos' sworn statement, even if those sales are considered leasing activity, "the total dollar volume of sales relating to Defendant's activities in selling automobiles to ultimate purchasers exceeded the aggregate of Defendant's total dollar volume of sales relating to any leasing activities and any servicing of vehicles." Supplemental Declaration of Stylianos Kritikos ¶¶ 5.

under it, this is sufficient to meet the third prong of the mechanic's exemption.[24] Thus, since all three prongs of the mechanic's exemption apply to Williams, he is not covered by the FLSA's overtime protections and he was not deprived of wages lawfully owed to him during the relevant years.

As I explained in ruling on Skyline's motion to dismiss, it does appear from the legislative history that at least some members of Congress intended the mechanic's exemption to apply only to those employees who worked irregular hours or were paid on a commission basis.[25]  However, legislative history plays a role in statutory interpretation only "if the text of the statute itself is not clear"[26] or if the plain application of the statute would lead to absurd results.  Otherwise, "the sole function of the courts is to enforce [the statute] according to its terms."[27] Under its plain terms, the mechanic's exemption applies to Williams and, although

---

[24]    "As applied to the establishment, primarily engaged means that over half of the establishment's annual dollar volume of sales made or business done must come from sales of the enumerated vehicles." 29 C.F.R. § 779.372(d)(2011).

[25]    *See Williams I*, 2011 WL 5529820, at \*4; *McBeth*, 768 F. Supp. at 388-89 ("It was the intent of Congress to exempt from overtime compensation those dealership employees who worked irregular and/or seasonal hours and/or were paid on a commission basis.").

[26]    *United States v. Kozeny*, 541 F.3d 166, 171 (2d Cir. 2008) (internal quotations omitted).

[27]    *Id.*

he may rightly consider his exclusion from the FLSA's protections bad policy, it is not absurd.

## V.    CONCLUSION

Skyline's motion for summary judgment is granted.  The Clerk of the Court is directed to close the motion [Docket #21] and the case.

SO ORDERED:

Shira A. Scheindlin
U.S.D.J.

Dated:      New York, New York
            May 30, 2012

-9-

-Appearances-

**For Plaintiff:**

Robert David Goodstein, Esq.
Goodstein & Associates
270 North Avenue, Suite 410
New Rochelle, NY 10801
(914) 632-8382

**For Defendant:**

Margaret L. Watson, Esq.
McElroy, Deutsch, Mulvaney, & Carpenter, LLP
88 Pine Street
New York, NY 10005
(212) 483-9129